UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SANDRA DELSING, individually and on behalf of other class members, and AMBER BOLENG, individually and on behalf of other class members, | Case No. 08-CV-1154 (PJS/JSM) |
| Plaintiffs, | ORDER ON MOTION FOR REMAND |
| v. | |
| STARBUCKS COFFEE CORPORATION, | |
| Defendant. | |

---

E. Michelle Drake and Paul J. Lukas, NICHOLS KASTER, PLLP, for plaintiffs.

Gregory W. Knopp, Daniel L. Nash, Jessica W. P. D'Arrigo, and Nathan J. Oleson, AKIN GUMP STRAUSS HAUER & FELD LLP; Joseph G. Schmitt and Mark J. Girouard, HALLELAND LEWIS NILAN & JOHNSON, P.A., for defendant.

Plaintiff Sandra Delsing, who formerly worked as a barista for defendant Starbucks Coffee Corporation, brought this lawsuit in state court on her own behalf and on behalf of a putative class of current and former Starbucks employees to challenge the manner in which Starbucks distributes tips placed by customers in tip jars. Starbucks removed this action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, (codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-15). Delsing's complaint was later amended to add Amber Boleng, another former Starbucks barista, as a second plaintiff and putative class representative. Docket No. 11-1. The Court ultimately denied plaintiffs' motion for class certification. Docket No. 83. Plaintiffs now move to remand this case to state court, arguing that because no class will be certified, the Court lacks subject-matter jurisdiction under

-1-

CAFA. Docket No. 87. For the reasons that follow, the Court denies plaintiffs' motion to remand.

The Court acknowledges that federal courts are sharply divided over the question of whether CAFA jurisdiction survives a denial of class certification. The Eighth Circuit has yet to address the issue. The Court has reviewed the decisions of other federal courts and finds most persuasive the recent opinion of the Seventh Circuit in *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010). In *Cunningham Charter*, the Seventh Circuit concluded that CAFA jurisdiction is established as long as a lawsuit is filed as a class action, and does not disappear if a motion for class certification is later denied.

In this Court's view, the Seventh Circuit's conclusion best reflects the language of the statute. CAFA extends "original jurisdiction" to certain "class action[s]." 28 U.S.C. § 1332(d)(2). CAFA defines a "class action" as "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure" (or a state-law analog). § 1332(d)(1)(B) (emphasis added). Under the plain language of this provision, then, whether a court has CAFA jurisdiction over an action depends on whether the action was *filed* as a class action, and not on whether the action was eventually *certified* as a class action.

Plaintiffs argue, however, that another provision of CAFA — 28 U.S.C. § 1332(d)(8) — dictates that when a case is removed under CAFA before a class-certification decision is made, and the federal court then refuses to certify a class, CAFA jurisdiction evaporates, and the case must be remanded to state court. Section 1332(d)(8) provides that "[t]his subsection" — meaning CAFA as a whole — applies "to any class action before or after the entry of a class certification order." Plaintiffs point to the statute's definition of "class certification order" as "an

order issued by a court approving the treatment of some or all aspects of a civil action as a class action." 28 U.S.C. § 1332(d)(1)(C). Plaintiffs' argument is straightforward: (1) Given that CAFA applies only "before or after the entry of a class certification order," and (2) given that CAFA defines "a class certification order" as an order *granting* a motion to certify a class, then (3) when no order granting a motion to certify a class is entered, there simply *is* no time "before or after the entry of a class certification order" — that is, no time when CAFA applies. Several federal courts have agreed with this reading of CAFA, including a judge of this District. *See, e.g.*, *Avritt v. Reliastar Life Ins. Co.*, No. 07-1817 (JNE/JJG), 2009 WL 1703224, at *2 (D. Minn. June 18, 2009) ("District courts that have concluded that jurisdiction under CAFA does not exist treat the denial of class certification . . . as a legal determination that the plaintiffs' claims did not constitute an actual or potential class action. As a result, these courts conclude that the denial of class certification is effectively a determination that there is not and never was CAFA jurisdiction." (internal citations omitted)).

      This Court respectfully disagrees with plaintiffs and the decisions on which they rely. Under plaintiffs' reading of CAFA, after a class action is removed to federal court, jurisdiction would neither exist nor not exist. Instead, the lawsuit would float in some kind of suspended animation. Only when a court decides whether to certify a class would the court and the parties know whether the court has jurisdiction over the lawsuit. If certification were denied, then not only would the court have no jurisdiction going forward, but the court would be deemed to have never had jurisdiction. Everything that came before the court's decision on class certification would be wiped out. If certification were granted, then the court would have jurisdiction — both

retroactively and prospectively — unless the court later changed its mind and decertified the class, in which case jurisdiction would again disappear retroactively.

This would be a strange way to run a railroad. Unlike this Court's reading of CAFA — under which jurisdiction turns on whether a lawsuit is *filed* as a class action — plaintiffs' reading makes it impossible to know until months or years into a lawsuit whether a federal court has authority to hear that lawsuit. A court could go along ruling on various discovery disputes and dispositive motions, only to find that it never had any power over the case in the first place. Not only would this be extremely wasteful, but it would be inconsistent with the general principle that "[t]he existence of federal jurisdiction . . . is determined as of the time the complaint is filed." *Rheuport v. Ferguson*, 819 F.2d 1459, 1467 n.13 (8th Cir. 1987). It would also be inconsistent with "the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed." *Cunningham Charter Corp.*, 592 F.3d at 807.

For these reasons, it seems highly unlikely that Congress intended CAFA jurisdiction to turn on whether a class action is certified, rather than on whether a class action is filed. If Congress did intend such an unusual result, surely Congress would have said so clearly. And it would have been easy for Congress to say so clearly. Congress could have simply said that CAFA extends jurisdiction over "any civil action *certified* under Rule 23 of the Federal Rules of Civil Procedure," instead of providing — as it did — that CAFA extends jurisdiction over "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure." The Court agrees with *Cunningham Charter* that the poorly drafted language found in § 1332(d)(8) probably was intended to do nothing more than permit a defendant named in a putative class action to "wait

until a class is certified before deciding whether to remove the case to federal court." 592 F.3d at 806.

In sum, the Court finds that, because this lawsuit was filed as a class action, this Court retains jurisdiction over this lawsuit under CAFA, even though plaintiffs' motion for class certification has been denied. Moreover, the Court finds that, even if its reading of CAFA is incorrect, it would nevertheless have jurisdiction over this action under § 1332(a). Under § 1332(a), a federal court has jurisdiction over an action when there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Whether diversity jurisdiction exists must be assessed as of the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969).

At the time that this action was removed, Sandra Delsing was the sole plaintiff. Complete diversity existed because Delsing was a citizen of Minnesota, Compl. ¶ 1, and Starbucks was not, Notice of Removal ¶¶ 10-12. Moreover, the amount in controversy likely exceeded $75,000. Although Delsing's individual damages would be quite low — most likely no more than a few hundred dollars — Delsing would have to do a lot of litigating to recover those few hundred dollars. Because Delsing is entitled to recover her attorney's fees under the Minnesota FLSA, those fees are included when calculating the amount in controversy for purposes of § 1332(a). *See* Minn. Stat. § 177.27, subd. 10 (the losing defendant in a Minnesota FLSA case "shall" be ordered to pay reasonable attorney's fees); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (statutory attorney's fees count toward the jurisdictional minimum). Because Delsing was the only plaintiff at the time of removal, there is no issue of fee apportionment.

It is not clear whether fees incurred in conjunction with a failed class-certification motion are recoverable under the Minnesota FLSA and thus should be counted toward the jurisdictional minimum under § 1332(a).  The parties have not briefed that issue, despite the Court's suggestion that they do so.  But even if such fees are excluded, the Court finds it more likely than not that, at the time of removal, Delsing's potential recovery (including attorney's fees) exceeded $75,000.  Fee awards over $75,000 are common in employment matters litigated through trial. *See, e.g.*, *Maule v. Nicholson*, No. 04-1369, 2006 WL 3758390 (D. Minn. Dec. 20, 2006) (plaintiff requested $310,439.10 and was awarded $232,829.32 in attorney's fees after jury trial on single-plaintiff discrimination and retaliation claims); *Kidwell v. Sybaritic, Inc.*, 749 N.W.2d 855, 861 (Minn. Ct. App. 2008) (noting that the trial court awarded approximately $138,000 in fees following a jury trial in a single-plaintiff whistle-blower case).  Delsing's claim involves novel and difficult questions of state law, and assessing her damages (if she suffered any damages) is likely to require an expert witness to do complex calculations.  At the time Delsing removed her lawsuit, then, it was more likely than not that her damages, attorney's fees, and costs would exceed $75,000.

The Court rejects plaintiffs' argument that, because Starbucks removed solely on the basis of CAFA, the 30-day limitation in the removal statute (28 U.S.C. § 1446(b)) now precludes Starbucks from raising, or the Court from considering sua sponte, whether § 1332(a) provides jurisdiction over this lawsuit.  This case was removed to federal court almost two years ago, and the Court has invested substantial time and resources in resolving the class certification issue and ruling on cross-motions for summary judgment.  In light of the judicial interests in finality, efficiency, and economy, the Court believes "that to remand this case which satisfies all federal

jurisdictional requirements to state court 'would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.'" *Ayres v. General Motors Corp.*, 234 F.3d 514, 519 n. 6 (11th Cir. 2000) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996)).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiffs' motion for remand [Docket No. 87] is DENIED.

Dated:  April 14, 2010                               s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge